SHOOK, HARDY & BACON L.L.P.
Rachel A. Straus (SBN 268836)
rstraus@shb.com
Saman M. Rejali (SBN 274517)
srejali@shb.com
2049 Century Park East, Suite 3000
Los Angeles, California 90067
Telephone: 424.285.8330
Facsimile: 424.204.9093

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND**

| | |
|---|---|
| ALEXANDER SISTI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOSLEY INC.; and BOSLEY MEDICAL GROUP, a medical corporation;<br><br>Defendants. | Case No. 4:25-cv-06614-YGR<br><br>Assigned to:<br>Hon. Yvonne Gonzalez Rogers<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE**<br><br>Date: December 9, 2025<br>Time: 2 pm<br>Place: Ctrm 1 – 4th Floor |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. RELEVANT FACTUAL ALLEGATIONS .......... 2
III. LEGAL STANDARD .......... 2
IV. ARGUMENT .......... 4
  A. Venue Is Improper In This District .......... 4
  B. This Action Should Be Transferred To The Central District Of California .......... 5
V. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstar Mktg. Group, LLC v. Your Store Online, Inc.*,
666 F.Supp.2d 1109 (C.D. Cal. 2009) ....................8

*Barnes & Noble*,
823 F. Supp. 2d at 993 ....................8, 9

*Chen v. Pioneer Oil, LLC*,
472 F. Supp. 3d 704 (N.D. Cal. 2020) ....................5, 6, 7

*Commercial Lighting Prods., Inc., v. U.S. Dist. Court*,
537 F.2d 1078 (9th Cir. 1976) ....................5

*Commodity Futures Trading Comm'n v. Savage*,
611 F.2d 270 (1979) ....................3

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
472 F. Supp. 2d 1183 (S.D. Cal. 2007) ....................5

*Henson v. Fid. Nat'l Fin., Inc.*,
No. 1:13-CV-01452-AWI-JLT, 2014 U.S. Dist. LEXIS 20777 (E.D. Cal. Feb. 18, 2014) ....................6

*Hoffman v. Blaski*,
363 U.S. 335 (1960) ....................5

*Inherent.com v. Martindale-Hubbell*,
420 F. Supp. 2d 1093 (N.D. Cal. 2006) ....................7

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) ....................3, 5, 7, 8

*Lou v. Belzberg*,
834 F. 2d 730 (9th Cir. 1987) ....................7

*Saravia v. Sessions*,
280 F. Supp. 3d 1168 (N.D. Cal. 2017) ....................4

*Strigliabotti v. Franklin Res., Inc.*,
2004 WL 2254556 (N.D. Cal. Oct. 5, 2004) ....................7

*Valenzuela v. Sol Grp. Mktg. Co.*,
2015 WL 653086 (C.D. Cal. Jan. 30, 2015) ....................7

*Van Dusen v. Barrack*,
376 U.S. 612 (1964) ....................3

**Statutes**

28 U.S.C. § 1331 .....5

28 U.S.C. § 1332(d) .....5

28 U.S.C. §1391(b) .....2, 4

28 U.S.C.§ 1391(c) .....6

28 U.S.C. §1391(d) .....3, 4

28 U.S.C. § 1404 .....1

28 U.S.C. § 1404(a) .....3, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(3) .....1, 2, 4, 5

Fed. R. Civ. P. 12(b)(6) .....2

Rule 12(b)(2) .....2

Defendants Bosley, Inc. and Bosley Medical Group (together, "Bosley") respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss, or in the Alternative, Transfer Venue.

## I. INTRODUCTION

In this putative class action, Plaintiff alleges that Bosley installed "online tracking pixels" on its website www.bosley.com ("Website") that allegedly disclose and transmit information Website visitors entered into the "schedule an appointment" tool third parties, including Meta Platforms, Inc. ("Meta") and TikTok, Inc. (TikTok).

In the Complaint, Plaintiff asserts that venue is proper in this District because "a substantial part of the events giving rise to this action occurred in this District." Complaint ("Compl.") ¶ 29. In fact, The Northern District of California has no connection to this dispute. None of the parties reside in this District. Plaintiff is a resident of Maryland. *Id.* ¶ 12. Defendant Bosley, Inc. is a Delaware Corporation with its principal place of business in Beverly Hills, California, which sits in the Central District of California. *See* Declaration of Connie Enriquez ("Enriquez Decl.") ¶ 4. Defendant Bosley Medical Group is a California corporation, but its principal place of business is in Pennsylvania, and it has no connection to the Northern District of California. *Id.* ¶ 6. The only reason Plaintiff provided for filing in this District is that Meta is headquartered in this District and Meta allegedly received the information disclosed from the Website in this District. Compl. ¶ 29. Putting aside whether it is actually true, the allegedly passive receipt of information by a non-party does not constitute conduct occurring in this District and is not a proper basis for venue.[1]

The Central District is a more logical, more convenient, and less costly venue for this case under any analysis. The Central District is home to Bosley, Inc.'s corporate headquarters, as well as the vast majority of documents and witnesses potentially relevant to this case.

Accordingly, Bosley seeks dismissal of this case for improper venue under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, transfer under 28 U.S.C. §1404(a) to the United States

[1] Even if the passive receipt of information by a non-party were relevant to the proper venue for this action, which it is not, Plaintiff alleges that Bosley transmitted the information not just to Meta, but also to TikTok, which maintains its corporate headquarters in Culver City, located in the Central District of California. Request for Judicial Notice ("RJN") Ex. 1.

District Court for the Central District of California. If this Court finds that venue is improper or inconvenient in this District, then the Court may dismiss and/or transfer this action. If this Court rules that venue is proper and most convenient, the Court may nonetheless dismiss the entirety of this action on the merits for the reasons set forth in Defendants' contemporaneously-filed Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(6).

## II. RELEVANT FACTUAL ALLEGATIONS

Plaintiff filed this action on August 5, 2025 against Bosley, a provider of hair transplantation surgeries. ECF Dkt. 1. Plaintiff alleges that in November 2024, he scheduled a hair transplantation consultation on Bosley's website, and that Bosley improperly disclosed this fact and certain personal information about him to Meta Platforms, Inc. ("Meta") and TikTok ("TikTok"). *See* ¶¶ 14-21.

No party to this action resides in this District. Plaintiff is a citizen and resident of Laurel, Maryland. Compl. ¶ 12. Bosley, Inc. is a Delaware corporation with its corporate headquarters in Beverly Hills, California, which sits in the Central District of California. *See* Enriquez Decl. ¶ 4. Bosley Medical Group is a California Corporation with its corporate headquarters in Pennsylvania. *Id.* ¶ 6. The Complaint does not allege that any party engaged in any conduct giving rise to Plaintiff's claims within the Northern District of California.

As alleged, Meta and TikTok supplied various website pixels to Bosley, who installed those pixels on its Website, and allegedly received information about Website visitors. Meta maintains its corporate headquarters in Menlo Park, California, and allegedly received information about visitors to Bosley's website at its headquarters. Compl. ¶ 29. That appears to be Plaintiff's sole asserted basis for venue in this District. *See id*. TikTok maintains its corporate headquarters in Culver City, Los Angeles, which sits in the Central District of California. *See* RJN Ex. 1.

## III. LEGAL STANDARD

Pursuant to FRCP 12(b)(3), improper venue may be raised as a defense in support of dismissal. 28 U.S.C. §1391(b), regarding venue in general, provides that civil actions may be brought in:

1. A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
2. A judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred, or a substantial part of property that is the subject of the action is situated; or

3. If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In regard to states with multiple judicial districts – like California – 28 U.S.C. §1391(d) provides:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]

28 U.S.C. § 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought" "in the interest of justice" and "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Section 1404(a) serves to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). This Court has discretion to adjudicate a motion to transfer under Section 1404(a) based on an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Although the moving party bears the burden of showing that the "convenience of parties and witnesses and interests of justice" are served by transfer, such determination is left to the inherent discretion of the trial court. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270,279 (1979). When considering a motion to transfer venue, courts in this District consider "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498–99. Each of these factors is either neutral or weighs in favor of transfer.

## IV. ARGUMENT

### A. Venue Is Improper In This District.

Venue is improper in this District, warranting dismissal under Fed. R. Civ. P. 12(b)(3). In order to establish proper venue, Plaintiff must show (1) that all defendants reside in the state where plaintiff filed suit, or (2) that a substantial portion of the events giving rise to the action occurred in the Northern District of California. 28 U.S.C. §1391(b).

***First***, for purposes of venue based on residence, 28 U.S.C. § 1391(d) addresses corporations domiciled in states with multiple judicial districts (such as California), providing that "such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). Plaintiff does not allege any conduct by Defendant that would subject it to personal jurisdiction in the Northern District of California. Indeed, Plaintiff alleges only that personal jurisdiction is proper in this judicial district because Bosley, Inc. "maintains its headquarters and principal place of business in California" and Bosley Medical Group "is incorporated in California." Compl. ¶ 28. Treating each judicial district in California as a "separate state" as required by 28 U.S.C. § 1391(d), the Complaint fails to allege that either Defendant's contacts with the Northern District suffice for personal jurisdiction.

***Second***, Plaintiff fails to allege that a "substantial part of the events" giving rise to Plaintiff's claims occurred in this District. When considering this inquiry, courts consider "what acts or omissions ***by the defendants*** give rise to the plaintiffs' claims," and determine "whether a substantial part of ***those acts*** took place in the forum." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1189 (N.D. Cal. 2017) (citations and quotation marks omitted) (emphasis added). Plaintiff alleges no conduct, acts, or omissions on the part of either Defendant within this District. Plaintiff only alleges generically that "a substantial part of the events giving rise to this action occurred in this District," based solely on the allegation that "Meta's receipt … of the Private Information of Plaintiff" occurred at Meta's corporate headquarters in Menlo Park, California. Compl. ¶ 29. Meta is not a defendant in this action, and its alleged passive receipt of information in this District is not relevant to an analysis of the propriety of venue.

Accordingly, this action should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3).

**B. This Action Should Be Transferred To The Central District Of California**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court "has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quotation omitted).

Courts considering a motion to transfer venue under § 1404(a) must weigh multiple factors in determining whether transfer is appropriate. *Id.; see also Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1190 (S.D. Cal. 2007) ("The Ninth Circuit employs a multi-factor test for analyzing a motion to transfer"). Those factors may include "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Chen v. Pioneer Oil, LLC*, 472 F. Supp. 3d 704, 709 (N.D. Cal. 2020) (citing *Jones*, 211 F.3d at 498-9).

*1. Plaintiff's Claims Could Have Been Brought In The Central District Of California*

An action could originally have been brought in a district court if: (1) it has subject matter jurisdiction; (2) defendants would have been subject to personal jurisdiction; and (3) venue would have been proper. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Commercial Lighting Prods., Inc., v. U.S. Dist. Court*, 537 F.2d 1078, 1079 (9th Cir. 1976). Here, all three requirements are satisfied.

First, this Court's subject matter jurisdiction is premised upon federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1332(d). Compl. ¶¶ 27-28. These jurisdictional grounds are equally present in the Central District of California.

///

Second, Defendants would have been (and are) subject to personal jurisdiction in the Central District of California. As Plaintiff alleges, Defendant Bosley, Inc. maintains its headquarters and principal place of business in Beverly Hills, California (*see* Compl. ¶ 24), which is in the Central District of California.

Third, venue would have been (and is) proper in the Central District of California for the same reasons that the personal jurisdiction requirement is satisfied. *See* 28 U.S.C.§ 1391(c) (for purposes of venue, a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced). Defendant Bosley, Inc. is headquartered in the Central District of California, and both Defendants conduct regular business and employ the majority of their potentially relevant employees there. *See* Enriquez Decl. ¶¶ 5-7, 9.

### *2. The Ninth Circuit's Jones Factors Weigh in Favor of Transfer*

#### a) <u>Contacts between Parties, Cause of Action, and Chosen Forum</u>

Three of the Ninth Circuit's factors "center on the contacts between the parties, the cause of action, and the chosen forum: (1) the location where the relevant agreements were negotiated and executed . . . (4) the respective parties' contacts with the forum, and (5) the contacts relating to the plaintiff's cause of action in the chosen forum." *Chen*, 472 F.Supp.3d at 709 (citing *Jones*, 211 F.3d at 498-99).

As explained above, the Northern District of California has no contacts with the parties or with any conduct related to Plaintiff's claims. No parties reside or resided, at any relevant time, within the Northern District of California. *See* Compl. ¶ 12 (alleging Plaintiff is a resident of Maryland); Enriquez Decl. ¶¶ 4-5, 8-9 (describing Bosley's contacts with the Central District of California). Plaintiff does not allege that either Defendant was present in the Northern District when it allegedly captured and disclosed his personal information to third-parties, nor that he was present in the Northern District when this occurred.

Plaintiff alleges that Meta's alleged receipt of information about his visit to the website at its corporate headquarters in Menlo Park constitutes substantial contacts within the Northern District (*see* Compl. ¶ 28). Meta's alleged receipt of information from Bosley's Website about Plaintiff's visit to the Website in this District is not relevant to the analysis of whether venue is proper in this District.

*See Henson v. Fid. Nat'l Fin., Inc.*, No. 1:13-CV-01452-AWI-JLT, 2014 U.S. Dist. LEXIS 20777, at *31 (E.D. Cal. Feb. 18, 2014) (analyzing the "respective parties' contacts with the forum" *Jones* factor, noting that "[t]he contacts of any non-parties are immaterial for this factor[.]"). In any event, Meta is not the only third-party alleged to have received information from Bosley's website regarding Plaintiff. Plaintiff also claims that similar information was provided to TikTok. (*See generally* Compl. ¶¶ 101-28). TikTok maintains its corporate headquarters in Culver City, Los Angeles, which sits within the Central District. RJN Ex. 1. The involvement of third parties should not be considered in connection with the venue analysis, but even if it were, it would weigh equally in favor of venue in the Central District.[2]

b) Plaintiff's Choice of Forum

Unlike an action brought by a California resident, a non-resident plaintiff's choice of forum receives little deference when challenged through a motion to transfer. *See, e.g. Strigliabotti v. Franklin Res., Inc.,* 2004 WL 2254556, *3 (N.D. Cal. Oct. 5, 2004) ("Where plaintiff's choice of forum is a district other than the one in which he resides, his choice may be given considerably less weight"). Further, "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not [his] residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Inherent.com v. Martindale-Hubbell*, et al., 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006) (internal quotation omitted); *Valenzuela v. Sol Grp. Mktg. Co.*, 2015 WL 653086, *3 (C.D. Cal. Jan. 30, 2015) ("While Plaintiff's choice of forum ordinarily merits great deference, the Court does not defer to his choice because he does not plead that he resides in California."). A plaintiff's choice of forum is also given diminished deference in class or collective actions. *See Lou v. Belzberg*, 834 F. 2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."). Furthermore, "[i]f there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little

[2] Plaintiff does not allege that any "agreements were negotiated and executed" in respect of his causes of action, rendering this factor irrelevant.

deference." *Chen*, 472 F. Supp. 3d at 710.

c) Availability of Witnesses and Evidence

Two of the *Jones* factors instruct courts to consider access to witnesses and evidence when weighing the convenience of a forum. *See Jones*, 211 F.3d at 498–99 (analyzing "(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof" in motion for venue transfer). The Northern District of California is not a more convenient forum than the Central District in this regard.

There is no advantage offered by the Northern District. While the Northern District would have "the availability of compulsory process to compel attendance" of non-party witnesses from Meta, the same would be true of the Central District and TikTok witnesses. *See* RJN Ex. 1.

With respect to the "ease of access to sources of proof" more generally, the Central District is unquestionably a more convenient forum than the Northern District. Most, if not all, relevant witnesses and corporate documents and records from Defendants are located in the Central District. *See* Enriquez Decl. ¶ 9.

On balance, these two *Jones* factors clearly weigh in favor of transfer to the Central District.

d) Familiarity of Forum With Applicable Law

This factor is irrelevant where, as here, the law of the transferor and transferee districts is identical. Thus, either district is equally competent to address all of the claims in the Amended Complaint brought under California law. *See Allstar Mktg. Group, LLC v. Your Store Online, Inc.*, 666 F.Supp.2d 1109,1133 (C.D. Cal. 2009). Therefore, this factor is neutral with respect to transfer.

e) Differences in the Costs of Litigation Between the Two Forums

Finally, courts compare "the differences in the costs of litigation in the two forums" when determining whether to transfer venue. *Jones*, 211 F.3d at 498-99. Courts may also consider "the relative court congestion and time of trial in each forum." *Barnes & Noble*, 823 F. Supp. 2d at 993.

The difference in costs in litigating between the Central and Northern Districts weighs in favor of transfer. If this case remains in the Northern District, ***all*** party witnesses (and any TikTok witnesses) will be required to travel, at minimum, the distance between Los Angeles and San Francisco to testify at trial. Plaintiff will be required to travel from Maryland in either case, so his costs should

not impact the Court's analysis of this factor.

With respect to the "relative court congestion and time of trial" in each District, this too weighs in favor of transfer. *Barnes & Noble*, 823 F. Supp. 2d at 993. The most recently available Federal Court Management Statistics data indicates that judges in the Northern District are managing a significantly greater number of pending cases t2han in the Central District, on a per-judgeship basis—1,034 versus 520, respectively. *See* RJN Ex. 2, at 9. Similarly, the median time from filing to trial in civil cases is 37.6 months in the Northern District, compared to 26.5 months in the Central District. *See id.*

## V. CONCLUSION

For the foregoing reasons, Bosley respectfully requests that the Court grant this Motion and dismiss the Complaint for improper venue or, in the alternative, transfer this case to the Central District of California.

Dated: October 20, 2025

**SHOOK, HARDY & BACON L.L.P.**

By *\/s/ Saman M. Rejali*
Rachel A. Straus
Saman M. Rejali

Attorney for Defendants
Bosley Inc. and Bosley Medical Group